# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JANE DOE,** | ) |
| | ) |
| | ) CIVIL ACTION NO.: |
| **Plaintiff,** | ) |
| | ) |
| v. | ) JUDGE: |
| | ) |
| **BOBBY WEBRE, ASCENSION PARISH** | ) |
| **SHERIFF, in his Official and Individual** | ) |
| **Capacities; and JAMES LIGHTFOOT** | ) |
| | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

## PETITION FOR DAMAGES

The Petition for Damages of Petitioner/Plaintiff Jane Doe (a pseudonym) (hereinafter "Jane Doe," "Doe," or "Plaintiff"), a person of the full age of majority, domiciled in the State of Louisiana, who respectfully represents as follows:

1.

Made Defendants herein are:

(A) BOBBY WEBRE, ASCENSION PARISH SHERIFF, in his official and individual capacities (hereinafter "Sheriff," "Sheriff Webre," or the "Sheriff's Office"), an individual of full age and majority and a resident of and domiciled in Ascension Parish, who may be served at his place of employment, Ascension Parish Sheriff's Office, 828 S. Irma Blvd., Gonzales, LA 70737.

(B) JAMES LIGHTFOOT (hereinafter "Lightfoot"), an individual of full age and majority and a resident of and domiciled in Ascension Parish and an employee of the Ascension

28993.0000

Parish Sheriff's Office at all times relevant herein, who may be served at his residence, 901 Saint Vincent St., Donaldsonville, LA 70346.

## JURISDICTION AND VENUE

2.

This Court's jurisdiction is based on 28 U.S.C. §1343(3) and 1330 for these causes of action arising under 42 U.S.C. §1983 *et seq.* This Court's supplemental jurisdiction over the claims arising under the laws of the State of Louisiana is based on 28 U.S.C. §1367(A) because those claims arise out of the same incidents giving rise to Plaintiff's federal law claims and form a part of the same case or controversy.

3.

Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1),(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Middle District of Louisiana and because Defendants reside in the Middle District of Louisiana.

## FACTS AND ALLEGATIONS

4.

At all relevant times, Defendant Lightfoot was a deputy with the Ascension Parish Sheriff's Office, responsible for his actions as a law enforcement officer and to ensure the public remain free from unlawful violations of their civil rights and rights under Louisiana law. At all times material hereto, Defendants and those under their supervision and control were acting under color of law or contrary to the law, while in the course and scope of their employment with the Ascension Parish Sheriff's Office. As such, Defendants, their employees, and their agents were acting with special authority attributable to their government position and office. Furthermore, they possessed

special obligations for the safety of the community and those under their care and control, as well as the fair and equal administration of justice.

6.

Defendant, Sheriff Webre, is the elected Sheriff of Ascension Parish, and successor to Hickley Waguespack, the elected Sheriff of Ascension Parish from 1960 to 1972. As the constitutionally designated chief law enforcement officer of Ascension Parish, Sheriff Webre is the proper party against whom Plaintiff's claims for the acts and/or omissions of the Ascension Parish Sheriff's Office and its employees or agents may be brought.

7.

At all material times, the Ascension Parish Sheriff sponsored, participated in, directed, and/or maintained responsibility for a community program known as the Ascension Parish Junior Deputy Program (hereinafter "Junior Deputy Program" or "Junior Deputies") for minor children of Ascension Parish, over whom they maintained custodial control, responsibility, and substantial influence.

8.

Between approximately 1968 and 1970, Plaintiff was a minor, and Plaintiff joined the Junior Deputies, which, at all times was directed, managed, and controlled by the Ascension Parish Sheriff.

9.

Many years later, Plaintiff was watching a true crime television program about a predatory law enforcement officer who coerced his victims into performing sexual acts in his police vehicle. This program triggered Plaintiff's repressed memories of being sexually molested by a law enforcement officer during a summer program with the Ascension Parish Sheriff's Office. The

name James Lightfoot came to Plaintiff's mind. Plaintiff contacted her mother, who confirmed that Plaintiff she attended the Ascension Parish Junior Deputy Program during the summer between approximately 1968 and 1970. Plaintiff's mother also confirmed that a law enforcement officer named James Lightfoot of the Ascension Parish Sheriff's Office had a role in the Junior Deputy Program. Lightfoot would come to Plaintiff's home daily during her enrollment in the Junior Deputy Program to drive Plaintiff to and from the Junior Deputy Program.

10.

On more than one occasion, Plaintiff recalled being alone with Lightfoot in his law enforcement vehicle in transit between her home the Junior Deputy Program. Plaintiff was in the backseat and Lightfoot was driving the vehicle. Lightfoot drove the two of them down a road, parked the car, got into the back seat with Plaintiff and began kissing her. Lightfoot then put his hands inside her panties and fondled her vagina.

11.

The original psychological pressures employed by Defendant Lightfoot led Plaintiff to block memories of the abuse and develop dissociative amnesia. Plaintiff had no recall of Defendant Lightfoot's abuse at the time she reached the age of majority and did not recover memories of the abuse until she saw the depiction of sexual abuse by a law enforcement officer on television.

## CAUSES OF ACTION UNDER 42 USC § 1983 AND VIOLATION OF FOURTEENTH AMENDMENT RIGHTS

12.

All previous paragraphs of this Petition hereby are incorporated by reference as if stated in full herein.

28993.0000

13.

At all material times, Defendants, their employees, and/or their agents were acting under color of law and in the course and scope of their employment.

14.

Plaintiff alleges that the acts and/or omissions of Defendants, constituting negligent, reckless, and/or grossly negligent described herein were proximately and legally caused by Defendants' failures, which include but are not limited to the following causes of action/theories of liability:

a. Intrusion on personal integrity;

b. Abuse of official power or authority;

c. Creation of and/or contribution to the dangerous situation involving substantial risk of harm;

d. Violations involving the special relationship created by the custodial circumstances, supervision, and authority inherent in the activities of the officers as participants, directors, and managers of the Ascencion Parish Junior Deputy program;

e. Deliberate indifference to the safety of Plaintiff and others with knowledge of the potential danger that shocks the conscience;

f. Failure to take obvious steps to avoid or address the known danger over a protracted period of opportunity;

g. Failure to adhere to departmental policies and procedures;

h. Failure to administer policies/procedures;

i. Negligent hiring;

j. Failure to train;

k. Failure to supervise;

l. Creating a situation involving a substantial risk of harm;

28993.0000

m. Violation of the special relationship created with officers by children's participation in the Ascension Parish Sheriff's Office Junior Deputy Program;

n. Failure to terminate;

o. Failing to protect Plaintiff from harm;

p. Failing to have sufficient policies and procedures to prevent abuse of minors by their agents and/or employees, especially those engaged in the Junior Deputy Program;

q. Failing to warn Plaintiff and her family of the risk of abuse by Defendant Lightfoot;

r. Failing to have adequate security measures and policies in effect that would prevent the sexual abuse of a minor by their agents and/or employees, especially minors enrolled in the Junior Deputy Program;

s. Failing to adequately investigate claims of sexual abuse of minors by their agents and/or employees;

t. Failing to apply common sense, and negligently exposing minors (particularly, those in the Junior Deputy Program) to unreasonably dangerous situations, including the sexual abuse of a minor at the hands of one of their agents and/or their employees;

u. Failing to have sufficient information about its agents and/or employees as to whether they could safely work with their institutions, including the Junior Deputy Program, and around minors;

v. Failing to provide adequate and appropriate training to its personnel to recognize the risks of sexual abuse by their agents and/or employees;

w. Failing to take any and all acts and/or to act in a way(s) that could have prevented and avoided the sexual abuse described above, which amounts to gross negligence;

x. Failing to discharge and relieve Defendant Lightfoot of his position and authority when they knew or should have known of his sexual abuse of minors and his deviant proclivities;

y. Failing to train and educate its employees to identify signs of child sexual abuse by fellow employees resulting in a pattern of similar violations;

z. Failing to limit, supervise, or monitor in any way the activities and programs engaged in by Lightfoot; and

aa. Failing to routinely screen its agents and/or employees to avoid the risk of sexual abuse of minors when they knew or should have known of the risks that their agents and/or employees would have or had had improper contact with minor children.

28993.0000

19.

The acts and/or omissions described above were done pursuant to an official policy, or lack thereof, promulgated with deliberate indifference to the known or obvious consequences that constitutional violations, including the intentional battery and sexual abuse of children, including Plaintiff, would occur, and which were the moving force resulting in the deprivation of Plaintiff's constitutional rights and resulting damages.

20.

Defendants, their agents, and employees, while acting under color of law and in the course and scope of their employment, violated and/or deprived Plaintiff of her civil rights under 42 USC § 1983, and of due process under the Fourteenth Amendment to the Constitution of the United States, including, but not limited to her right to personal security, bodily integrity and to be free from sexual abuse, while acting under color of law.

21.

The nature of the relationship became custodial by virtue of the authority and power of their offices. Defendants' duties included both custody and protection from state-created danger. Defendants are not entitled to qualified immunity for these acts, because these rights were already clearly established statutorily and jurisprudentially, at the time of these offenses. *See Ingrahm v. Wright*, 430 U.S. 651, 680, 97 S. Ct. 1401, 51 L. Ed. 2d 711 (1977); *White v. Rochford*, 592 F.2d 381 (7th Cir. 1979); *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S., 109 S. Ct. 998, 103 L. Ed. 2d 249 (1989); *Bowers v. DeVito*, 686 F.2d 616 (7th Cir. 1982) ("If the state puts a man in a position of danger from private persons then fails to protect him, it will not be heard to say that its role was merely passive; it is as much an active tortfeasor as if it had thrown him into a snake pit." at 618). Defendants had sufficient notice of the illegality of their conduct.

28993.0000

# CAUSES OF ACTION UNDER LOUISIANA CIVIL CODE ARTICLE 2315

22.

All previous paragraphs of this Petition hereby are incorporated by reference as if stated in full herein.

23.

At all material times, Defendants, their employees, and/or their agents were acting under color of law and in the course and scope of their employment.

24.

Defendants are also liable to Plaintiff pursuant to La. C.C. art. 2315 for failures, which include but are not limited to the following causes of action/theories of liability:

a. Negligent infliction of emotional distress;

b. Sexual assault/battery;

c. Failure to report a crime;

d. Intrusion on personal integrity;

e. Abuse of official power and authority;

f. Creation of and/or contribution to the dangerous situation involving a substantial risk of harm;

g. Violations involving the special relationship created by the custodial circumstances, supervision, and authority inherent in the activities of the officers as participants, directors, and managers of the Junior Deputy Program;

h. Deliberate indifference to the safety of Plaintiff and others with knowledge of the potential danger that shocks the conscience;

i. Failure to take obvious steps to avoid or address the known danger over a protracted period of opportunity;

j. Failure to adhere to departmental policies and procedures;

k. Failure to administer policies/procedures;

28993.0000

l. Negligent hiring;

m. Failure to train;

n. Failure to supervise;

o. Creating a situation involving substantial risk of harm;

p. Violation of the special relationship created with officers by children's participation in the Ascension Parish Sheriff's Office's Junior Deputy Program;

q. Failure to terminate;

r. Failing to protect Plaintiff from harm;

s. Failing to have sufficient policies and procedures to prevent abuse of minors by their agents and/or employees, especially those engaged in the Junior Deputy Program;

t. Failing to warn Plaintiff and her family of the risk of abuse by Defendant Lightfoot;

u. Failing to have adequate security measures and policies in effect that would prevent the sexual abuse of a minor by their agents and/or employees, especially minors enrolled in the Junior Deputy Program;

v. Failing to adequately investigate claims of sexual abuse of minors by their agents and/or employees;

w. Failing to apply common sense, and negligently exposing minors (particularly, those in the Junior Deputy Program) to unreasonably dangerous situations, including the sexual abuse of a minor at the hands of one of their agents and/or their employees;

x. Failing to have sufficient information about its agents and/or employees as to whether they could safely work with their institutions, including the Junior Deputy Program, and around minors;

y. Failing to provide adequate and appropriate training to its personnel to recognize the risks of sexual abuse by their agents and/or employees;

z. Failing to take any and all acts and/or to act in a way(s) that could have prevented and avoided the sexual abuse described above, which amounts to gross negligence;

aa. Failing to discharge and relieve Defendant Lightfoot of his position and authority when they knew or should have known of his sexual abuse of minors and his deviant proclivities;

bb. Failing to train and educate its employees to identify signs of child sexual abuse by fellow employees;

cc. Failing to limit, supervise, or monitor in any way the activities and programs engaged in by Lightfoot; and

dd. Failing to routinely screen its agents and/or employees to avoid the risk of sexual abuse of minors when they knew or should have known of the risks that their agents and/or employees would have or had had improper contact with minor children.

25.

These acts and omissions further constitute gross negligence, as well as a wanton and reckless disregard for the rights and safety of Plaintiff and other similarly situated individuals, rendering Defendants liable to Plaintiff for punitive damages in addition to general and special damages.

26.

These actions and omissions were the result of wanton and reckless disregard for the rights and safety of the Plaintiff through sexual activity with her as a minor, rendering Defendants liable to Plaintiff for exemplary damages, in addition to general and special damages under La. C.C. art. 2315.7.

## **VICARIOUS LIABILITY**

27.

The Ascension Parish Sheriff is vicariously liable under the doctrine of *respondeat superior* for the acts and omissions of its employees, including James Lightfoot as detailed herein, and others who were under the Sheriff's superintendence, control, supervision and direction at all times relevant herein.

28.

At the time of the sexual abuse of Plaintiff, Defendant Lightfoot was under the superintendence, control, and supervision of the Ascension Parish Sheriff, rendering the Sheriff responsible for all acts and omissions of its agents and employees, including, but not limited to Lightfoot. Defendants are liable jointly, severally and *in solido* to Plaintiff as a victim of Lightfoot.

## DAMAGES

29.

Plaintiff has suffered and will continue to suffer the following damages, injuries and losses as a direct and proximate results of the sexual abuse at the hands of Lightfoot, and caused by the aforementioned acts and omissions of Defendants:

a. mental pain, suffering, anguish and embarrassment;

b. extreme humiliation and adverse notoriety;

c. loss of self-esteem;

d. current and future medical treatment, psychiatric treatment and/or psychological counseling;

e. past and future physical pain and suffering;

f. past and future mental anguish;

g. loss and impairment of life's pleasures;

h. loss of enjoyment of life;

i. legal expenses and/or other costs; and

j. other economic damages and losses as will be proven at trial.

## REQUEST FOR JURY TRIAL

30.

Plaintiff respectfully requests a trial of jury by all appropriate matters herein.

28993.0000

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Jane Doe, prays that, after due proceedings, judgment be entered in favor of Plaintiff and against all Defendants, jointly and *in solido,* and that this Court:

a. Award Plaintiff all compensatory damages reasonable under the circumstances;

b. Award Plaintiff punitive damages against all Defendants for each applicable count alleged in this Petition;

c. Award Plaintiff reasonable attorney's fees, expert fees, and court costs under 42 U.S.C. §1988 for the prosecution of her 42 U.S.C. §1983 claims;

d. Award Plaintiff reasonable attorney's fees and court costs under state law for the prosecution of state law claims;

e. Award Plaintiff legal interest on all damages awarded from the date of judicial demand until paid; and

f. Award Plaintiff such other and further relief that this Court deems just and proper.

New Orleans, Louisiana, this 14th day of June, 2024.

Respectfully submitted,

/s/ Mikalia M. Kott
**SOREN E. GISLESON, ESQ. (La. Bar. No. 26302)**
**MIKALIA M. KOTT, ESQ.  (La. Bar No. 30733)**
*Herman Herman & Katz, L.L.C.*
909 Poydras St., Suite 1860
New Orleans, Louisiana 70112-4060
Telephone: (504) 680-0596
Facsimile: (504) 561-6024
mkott@hhklawfirm.com
sgisleson@hhklawfirm.com
***ATTORNEYS FOR PLAINTIFF***