**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

JANE DOE

VERSUS

BOBBY WEBRE, *ET AL.*

CIVIL ACTION

24-cv-490-SDD-EWD

## RULING

This matter is before the Court on the Rule 12(b)(6) Motion to Dismiss[1] filed by Defendant Bobby Webre ("Webre"), Ascension Parish Sheriff, in his official and individual capacities. Webre seeks dismissal of Plaintiff Jane Doe's ("Doe's") claims as prescribed. Webre also seeks dismissal for failure to state a claim for relief.[2] Doe opposes and, alternatively, seeks leave to amend.[3] Webre replied,[4] which Doe moves to strike as untimely.[5]

For the reasons set forth below, Webre's Motion to Dismiss[6] is denied without prejudice. Doe's Motion to Strike[7] is granted.

## I.    FACTS AND PROCEDURAL BACKGROUND

Doe asserts a Complaint under 42 U.S.C. §1983 arising from an alleged sexual abuse during the summer between approximately 1968 and 1970 when Doe was a minor participant in the Ascension Parish Sheriff's Office ("APSO's") Junior Deputy Program

---

[1] Rec. Doc. 16.
[2] *Id.*
[3] Rec. Doc. 19.
[4] Rec. Doc. 22.
[5] Rec. Doc. 23.
[6] Rec. Doc. 16.
[7] Rec. Doc. 23.

(the "Junior Deputy Program").[8] Doe names as Defendants Webre, in his official and individual capacities, and James Lightfoot ("Lightfoot"), a former APSO law enforcement officer.[9]

Webre is the elected Sheriff of Ascension Parish, and successor to Hickley Waguespack, the Sheriff of Ascension Parish from 1960 to 1972.[10] According to the Complaint, APSO sponsored, participated in, directed, and/or maintained responsibility for the Junior Deputy Program for minor children, over whom they maintained custodial control, responsibility, and substantial influence.[11]

Doe joined the Junior Deputy Program between 1968 and 1970.[12] Many years later, Doe was watching a true crime television program about a predatory law enforcement officer who coerced his victims into performing sexual acts in his police vehicle.[13] Doe recalled repressed memories of being sexually molested by an APSO officer during the summer program.[14] Doe claims the name Lightfoot came to her mind.[15]

Doe's mother confirmed that an officer named Lightfoot had a role in the Junior Deputy Program.[16] He came to Doe's home daily to drive her to and from the Junior Deputy Program.[17] Doe recalled being alone with Lightfoot on more than one occasion in his law enforcement vehicle in transit between her home and the Junior Deputy

---

[8] Rec. Doc. 1 at ¶¶7-8.
[9] *Id.* at ¶¶1, 4.
[10] *Id.* at ¶6.
[11] *Id.* at ¶7.
[12] *Id.* at ¶¶7-8.
[13] *Id.* at ¶9.
[14] *Id.*
[15] *Id.*
[16] *Id.*
[17] *Id.*

Program.[18] She rode in the backseat and he was driving.[19] Doe alleges Lightfoot drove the two of them down a road, parked the car, got in the back seat with her, and began kissing her.[20] Doe claims Lightfoot put his hands inside her panties and fondled her vagina.[21] Doe alleges Lightfoot was in the course and scope of employment at the time of the alleged acts.[22]

Doe states claims against Webre under 42 U.S.C. § 1983, for violation of her constitutional rights under the Fourteenth Amendment by maintaining policies or customs for investigation, training, supervision, protections, retention, and hiring, and exhibiting deliberate indifference to Doe's constitutional rights despite actual and/or constructive knowledge of the risk of serious injury by Lightfoot.[23] Doe further asserts supplemental state law claims under La. Civ. Code arts. 2315, 2317, and 2320 for vicarious liability against the Ascension Parish Sheriff for the acts and omissions of its employees, including Lightfoot, who were under his superintendence, control, supervision, and direction.[24]   Doe also asserts claims for negligent hiring, retention, training, and supervision of Lightfoot, failure to adequately supervise and protect Doe, and failure to implement adequate policies, security, investigation, reporting, training and screening measures to prevent Doe's abuse.[25]

Webre now seeks a Rule 12(b)(6) dismissal,[26] asserting Doe's claims are prescribed on the face of the Complaint under Louisiana's one-year prescriptive period

---

[18] *Id.* at ¶10.
[19] *Id.*
[20] *Id.*
[21] *Id.*
[22] *Id.* at ¶4.
[23] *Id.* at ¶14.
[24] *Id.* at ¶27.
[25] *Id.*
[26] Rec. Doc. 16.

under La. Civ. Code art. 3492.[27]  Webre also argues that Doe fails to state a claim upon which relief may be granted because at the time of the alleged abuse Lightfoot was not a law enforcement officer with the Sheriff's Office, and because Webre, in his individual capacity, did not begin working at the Sheriff's Office until 1985.[28]

Doe responds in opposition that La. R.S. 9:2800.9, as amended, abolished prescription for child sexual abuse claims and revived prescribed child sexual abuse claims for a limited three-year period from the date of its enactment.[29] Webre replied,[30] which Doe seeks to strike as untimely.[31]

## II.    LAW AND ANALYSIS

### A.    Doe's Motion to Strike is granted.

Doe seeks to strike Webre's Reply[32] to Doe's Opposition as untimely.[33] Webre did not respond.  Doe contends that Rule 7(f) of the Local Rules of the United States Court for the Middle District of Louisiana provides that Doe's response was due on or before October 16, 2024, twenty-one (21) days after service of the motion.[34] Doe obtained a 14-day extension with leave of court to respond by October 30, 2024.[35] Doe filed her Opposition on October 30, 2024.[36]

Local Rule 7(f) of the Middle District of Louisiana allows reply memoranda to be filed without leave of court in Rule 12 motions within 14 days after service of the response

---

[27] *Id.* at p 7.
[28] *Id.* at p. 4
[29] Rec. Doc. 19 at p. 7.
[30] Rec. Doc. 22.
[31] Rec. Doc. 23.
[32] Rec. Doc. 22.
[33] Rec. Doc. 23.
[34] Rec. Doc. 23-1 at p. 1.
[35] Rec. Docs 17, 18.
[36] Rec. Doc. 19.

to the motion. Doe's Opposition was served on Webre on October 30, 2024, via electronic service.[37] Webre's reply was due November 13, 2024.  Webre filed his Reply on November 14, 2024.[38] Webre offered no response to Doe's Motion to Strike and never sought leave to file his Reply. Therefore, Doe's Motion to Strike[39] is granted and Webre's untimely Reply[40] will be stricken from the record pursuant to Local Rule 7(f) of the Middle District of Louisiana.

###    B.    Rule 12(b)(6) Motion to Dismiss Standard

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[41] The Court may consider "the complaint, its proper attachments, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'"[42] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[43]

In *Bell Atlantic Corporation v. Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss.[44] "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of

---

[37] Rec. Doc. 19.
[38] Rec. Doc. 22.
[39] Rec. Doc. 23.
[40] Rec. Doc. 22.
[41] *In re Katrina Canal Breaches Lit.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).
[42] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).
[43] *In re Katrina Canal Breaches Lit.*, 495 F.3d at 205 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[44] *See* 550 U.S. 544 (2007).

a cause of action will not do."[45] A complaint is also insufficient if it merely "tenders 'naked assertions' devoid of 'further factual enhancement.'"[46] However, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that a defendant is liable for the misconduct alleged."[47] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully."[48] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[49] "[O]n a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation."[50]

## C.    Section 1983 Generally

The Civil Rights Act of 1964, 42 U.S.C. § 1983, creates a private right of action for redressing the violation of federal law by those acting under color of state law.[51] It provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured....[52]

---

[45] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and brackets omitted).
[46] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and brackets omitted).
[47] *Id.*
[48] *Id.*
[49] *Taha v. William Marsh Rice Univ.*, No. H-11-2060, 2012 WL 1576099, at *2 (S.D. Tex. May 3, 2012) (quoting *Southland Sec. Corp. v. Inspire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).
[50] *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).
[51] *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 82 (1984); *Middlesex Cty. Sewerage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1, 19 (1981).
[52] 42 U.S.C. § 1983.

"Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"[53]

To prevail on a § 1983 claim, a plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States.[54] A § 1983 complainant must support his claim with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations.[55]

### D.    Absent tolling, federal courts have upheld Louisiana's one-year prescriptive period for claims brought under §1983.

Webre argues that Doe's suit, filed on June 14, 2024, is subject to Louisiana's one-year prescriptive period, as applicable to civil rights claims under §1983.[56] Webre

---

[53] *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979)); *accord Graham v. Connor*, 490 U.S. 386, 393–94 (1989); *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985); *Jackson v. City of Atlanta*, 73 F.3d 60, 63 (5th Cir. 1996); *Young v. City of Killeen, Tex.*, 775 F.2d 1349, 1352 (5th Cir. 1985).

[54] *See Blessing v. Freestone*, 520 U.S. 329, 340 (1997); *Daniels v. Williams*, 474 U.S. 327, 330 (1986); *Augustine v. Doe*, 740 F.2d 322, 324–25 (5th Cir. 1984).

[55] *See Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995); *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990); *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir.1986); *Angel v. City of Fairfield, Tex.*, 793 F.2d 737, 739 (5th Cir. 1986).

[56] Rec. Doc. 16 at p. 3.  Although it is not addressed by the parties in the requested relief before the Court, the Court observes that Doe brought this cause of action under this Court's federal question jurisdiction, asserting §1983 claims, not under diversity jurisdiction solely asserting state law negligence claims. Rec. Doc. 1. Where a plaintiff alleges a violation of the U.S. Constitution or a specific federal law, federal courts generally look to federal statutes. *See Gunn v. Minton*, 568 U.S. 251, 257-58 (2013). Section 1983 does not contain its own statute of limitations. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). Where the statute does not provide a statute of limitations, the federal court "borrows" the forum state's statute of limitations and coordinate tolling rules but may disregard them where the state law is inconsistent with the Constitution and laws of the United States. *See Stringer v. Town of Jonesboro*, 986 F.3d 502, 509 (5th Cir. 2021) (internal quotations and citations omitted); *see also Brown v. Cain*, 546 F. App'x 471 (5th Cir. 2013); *see also Grantham v. Avondale Industries, Inc.*, 964 F.2d 471 (5th Cir. 1992).  Where federal subject-matter jurisdiction is based on diversity of citizenship, or supplemental jurisdiction, federal courts apply Louisiana prescription laws, as "state statutes of limitations are considered substantive for purposes of *Erie* analysis." *See Franco v. Mabe Trucking Co., Inc.*, 3 F.4th 788, 791 n.3 (5th Cir. 2021); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78-80 (1938); *see also Adger v. TA Operating, L.L.C.*, 2025 WL 1276406, at *2 (5th Cir. 2025) (citations omitted); *Hawkins v. McHugh*, 46 F.3d 10, 12 (5th Cir. 1995) (citing *Bd. of Regents v. Tomanio*, 446 U.S. 478, 483 (1980)) (Federal courts apply the relevant state's rules for tolling the limitations period unless they are inconsistent with federal law.). Thus, the distinction is crucial for determining the analytical framework the court applies to statute of limitations in federal court cases, dependent on the Court's jurisdiction. Because this is a federal question case under §1983, Doe's federal §1983 claims are to be resolved by application of federal law under federal §1983 jurisprudence; whereas her pendant state law claims brought under this Court's supplemental jurisdiction are to be resolved by application of state law. *Erie*, 304 U.S. at 78.

contends that Doe's arguments applying any other longer prescriptive period has consistently been rejected by the United States Supreme Court and other federal courts.[57] Thus, Webre contends that Doe's §1983 claims should be dismissed as prescribed under La. Civ. Code art. 3492, the applicable one-year prescriptive period for delictual actions occurring prior to July 1, 2024.[58]

Section 1983 does not contain its own statute of limitations.[59] "Courts considering claims under § 1983 must borrow the relevant state's statute of limitations for personal injury actions. Louisiana's relevant limitations period is one year."[60] [61] "Dismissal is appropriate if it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations."[62] The party pleading prescription bears the burden of proving that the claim has prescribed; however, "when the face of the petition reveals that the plaintiffs' claims have prescribed, the burden shifts to the plaintiffs to demonstrate prescription was suspended or interrupted."[63]

"Although courts look to state law for the length of the limitations period, the time at which a §1983 claim accrues is a question of federal law, conforming in general to

---

[57] *Id.* at p. 5.

[58] Rec. Doc. 16 at p. 7.

[59] *Wallace v. Keto*, 549 U.S. 384, 387 (2007).

[60] *Stringer v. Town of Jonesboro*, 986 F.3d 502, 509 (5th Cir. 2021) (internal quotations and citations omitted); *see also Brown v. Cain*, 546 F. App'x 471 (5th Cir. 2013).

[61] Under La. Civ. Code art. 3492, "[d]elictual actions are subject to a liberative prescription of one year." Article 3492 was repealed and replaced by La. Civ. Code art. 3493.1. Louisiana's statute of limitations for personal injury actions is now two years, effective on July 1, 2024. La. Civ. Code Ann. Art. 3493.1 (2024). However, this is not retroactive. *Stanley v. Morgan*, 120 F.4th 467, 470 n.1 (5th Cir. 2024) (citing Tort Actions, 2024 La. Acts 423).

[62] *Stanley v. Morgan*, 120 F.4th 467, 470 (5th Cir. 2024), *cert. denied,* 145 S. Ct. 1314 (2025) (citing *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999); *Taylor v. Bailey Tool Mfg. Co.*, 744 F.3d 944, 946 (5th Cir. 2014) ("A motion to dismiss may be granted on a statute of limitations defense where it is evident from the pleadings that the action is time-barred, and the pleadings fail to raise some basis for tolling.")).

[63] *Harris v. Breaud*, 243 So. 3d 572, 578 (La. App. 1 Cir. 2018).

common-law tort principles."[64] "That means, in Louisiana, the limitations period for a §1983 claim is one year from when the plaintiff knew or should have known that [she] 'has a complete and present cause of action' under 'analogous common-law torts.'"[65] "A plaintiff need not realize that a legal cause of action exists; a plaintiff need only know the facts that would support a claim."[66] In other words, the accrual date "is judged not from the date the injury ceases, but from the earliest date a plaintiff was or should have been aware of his injury and its connection with the defendant."[67]

Here, Doe's Complaint was filed on June 14, 2024, nearly fifty-six (56) years after the alleged child sexual abuse, but on the last date of the three-year "lookback window" under La. R.S. 9:2800.9 for reviving prescribed claims.[68] Accepting Doe's allegations as true, the alleged child sexual abuse occurred between 1968 and 1970,[69] which is 54 to 56 years before Doe filed suit on June 14, 2024. At the time of filing, Louisiana's prescriptive period for personal injury actions was one year.[70] Moreover, federal courts have a long-standing precedent of applying Louisiana's one-year prescriptive period to §1983 claims.[71] The Fifth Circuit instructs that, "[a] statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like."[72]

---

[64] *Haygood v. Morrison*, 116 F.4th 439, 445 (5th Cir. 2024), *cert. denied sub nom. Haygood v. Camp Morrison*, 145 S. Ct. 1329 (2025) (quoting *McDonough v. Smith*, 588 U.S. 109, 115 (2019) (internal quotation marks and citation omitted)).

[65] *Id.* (quoting *McDonough*, 588 U.S. at 115-16) (cleaned up)).

[66] *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995).

[67] *Stanley*, 120 F.4th at 470 (quoting *Brossette v. City of Baton Rouge*, 29 F.3d 623 (5th Cir. 1994) (per curiam)).

[68] Rec. Doc. 1.

[69] *Id.* at ¶¶7-8.

[70] La. Civ. Code art. 3492.

[71] *See Owens v. Okure*, 488 U.S. 235, 236 (1989); *see also Brown v. Pouncy*, 93 F.4th 331 (5th Cir. 2024); *Monroe v. Conner*, 2024 WL 939735, at *1-2 (5th Cir. Mar. 5, 2024).

[72] *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 758 (5th Cir. 2015) (citing *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003)).

Doe seeks an exception to Louisiana's one-year prescriptive period as to her §1983 claims under La. R.S. 9:2800.9, but also presumably under a theory of *contra non valentum* due to allegations of "repressed memories" of the alleged abuse until many years later.[73]  Doe responds that the recent amendments by the Louisiana legislature to La. R.S. 9:2800.9 abolished prescription for child sexual abuse claims and revived previously prescribed child sexual abuse claims for a limited three-year period.[74] Doe contends the amendment's intent was to revive all previously prescribed causes of action related to child sexual abuse, and would presumably include *any* cause of action relating to child sexual abuse and claims of violation of her civil rights under §1983 that had previously prescribed.[75] Because they contend this issue is *sui generis*, Doe discusses at length the history and purpose of §1983, along with caselaw interpreting state statute limitations on §1983 claims. Doe argues that Louisiana's one-year residual statute of limitations undermines Doe's ability to vindicate her civil rights and contravenes the federal interests of §1983.[76]

Doe acknowledges that Louisiana courts have "repeatedly rejected attempts to increase the residual prescriptive period beyond one year" for §1983 cases, but posits that they have never done so "in a case involving child sexual abuse invoking the "lookback window" reviving all previously prescribed claims.[77] Doe maintains that La. R.S. 9:2800.9, as amended, makes no distinction between different types of claims and its plain language includes "*any* cause of action," which she contends encompasses §1983

---

[73] Rec. Doc. 1 at ¶9; Rec. Doc. 19 at pp. 2-3, 7-19.
[74] Rec. Doc. 19 at p. 7.
[75] *Id.* at pp. 1, 8.
[76] *Id.* at pp. 2, 14-19.
[77] *Id.* at p. 14.

claims.[78] Thus, she contends the one-year residual statute of limitations should not apply and her claims are timely.[79]

Louisiana law regarding the prescription of child sexual abuse claims has undergone significant changes. In 1993, La. Civ. Code art. 3498.1, subsequently redesignated as La. R.S. 9:2800.9, "was enacted, effective June 25, 1993, to provide a ten-year prescriptive period for an action against a person for 'sexual abuse of a minor.'"[80] In Louisiana Act No. 322 of the 2021 Regular Session (H.B. 492) ("Act 322"), the Louisiana legislature amended La. R.S. 9:2800.9 to abolish prescription for actions related to child sexual abuse.[81] Section 2 of Act 322 did not become part of La. R.S. 9:2800.9's statutory text, but it introduced a three-year "lookback window", to "revive" for a period of three years following the effective date of Act 322, claims under La. R.S. 9:2800.9 previously barred by liberative prescription prior to the effective date of Act 322.[82] Act 322 became effective on June 14, 2021. Thus, the provision allowed individuals whose claims were previously barred by liberative prescription to file an action until June 14, 2024.[83]

Act No. 386 of the 2022 Regular Session (H.B. 402) amended the statute again to provide that it was the "express intent of the legislature to revive until June 14, 2024, any

---

[78] *Id.* at p. 15 (citing La. R.S. 9:2800.9 (2021 amendment); 2021 La. Acts 322 (H.B. 492), §1; La. Acts 322 (H.B. 492), §2) (emphasis added).

[79] *Id.* at p. 19.

[80] *G.B.F. v. Keys*, 29,006 (La. App. 2 Cir. 1/22/97), 687 So. 2d 632, 634, *writ denied*, 97-0385 (La. 3/21/97), 691 So. 2d 94.

[81] La. R.S. 9:2800.9(A)(1). Prior to the adoption of Act No. 322, La. R.S. 9:2800.9 provided for a liberative prescriptive period of ten years from an action against a person for sexual abuse of a minor, commencing to run from the day the minor attained the age of majority. Thus, prior to the 2021 amendments, a child sexual abuse survivor had until their 28th birthday to file suit. Act No. 322 eliminated the ten-year prescriptive period for actions against a person for sexual abuse of a minor.

[82] 2021 La. Acts 322 (H.B. 492), §2.

[83] *T.S v. Congregation of Holy Cross S. Province, Inc.*, 2022-01826 (La. 6/27/23), 366 So. 3d 64, *reh'g denied,* 2022-01826 (La. 9/8/23), 370 So. 3d 457.

cause of action related to the sexual abuse of a minor that previously prescribed under *any* Louisiana prescriptive period.[84] Act No. 481 of the 2024 Regular Session (S.B. No. 246), effective June 3, 2024, amended Section 2 of Act No. 322 to revive those causes of action until June 14, 2027.[85]

The Louisiana Supreme Court considered the constitutionality of this provision.[86] The court initially held that the retroactive revival of certain prescribed claims under the 2021 and 2022 amendments conflicted with state constitutional due process guarantees against disturbing vested property rights of accrued prescription.[87] However, on rehearing, the Louisiana Supreme Court determined that the recent amendments are "constitutional and appl[y] retroactively to revive, for the period stated, all causes of action related to sexual abuse of a minor that previously prescribed under any Louisiana prescriptive period."[88]

As for §1983 claims, in *Wilson v. Garcia*,[89] to resolve confusion and inconsistency among lower courts and recognizing the problems inherent in a case-by-case approach, the United States Supreme Court held that courts entertaining claims brought under §1983 should borrow the state statute of limitations for personal injury actions. The Court reasoned that because so many unique claims have no precise state common law analogue, and the nature and legislative history of §1983 claims support a broad

---

[84] 2022 La. Acts 386 (H.B. 402), §2.
[85] 2024 La. Acts 481 (S.B. 246), §2.
[86] *Bienvenu v. Defendant 1*, 2023-01194 (La. 3/22/24), 382 So. 3d 38, *reh'g granted*, 2023-01194 (La. 5/10/24), 384 So. 3d 885, and *opinion vacated on reh'g*, 2023-01194 (La. 6/12/24), 386 So. 3d 280.
[87] *Bienvenu*, 382 So. 3d at 50-51.
[88] *Bienvenu*, 386 So. 3d at 293. The Louisiana Supreme Court rendered the decision on rehearing shortly after the legislature extended the revival window another three years to June 14, 2027. *See* 2024 La. Acts 481 (S.B. 246), §2.
[89] 471 U.S. 261 (1985).

interpretation, all §1983 claims should fit under the category of "personal injury actions."[90]

However, confusion remained where a state has more than one statute of limitations for certain torts, and a residual statute for all other personal injury actions.[91] Thus, in *Owens v. Okure*,[92] the Court unanimously held that "where state law provides multiple statutes of limitations for personal injury actions, courts considering §1983 claims should borrow the general or residual statute for personal injury actions."[93] The Court reasoned that "endorsing the choice of the state statute of limitations for intentional torts would be manifestly inappropriate" because it would create the same issues courts faced with the former "analogy" system.[94] The previous practice required courts to select the state statute of limitations "most analogous" and "most appropriate" to the particular §1983 action, so long as the chosen statute of limitations was consistent with federal law and policy.[95] Thus, the Court recognized that practice became more about a counsel's artful pleading, breeding confusion and inconsistency in lower courts, and frustrating predictability – a primary goal of statutes of limitation.[96] To end such confusion over what statute of limitations apply to §1983 claims, the Court held that courts should borrow the general or residual statute for personal injury actions.[97]

Arguments like Doe's have been rejected by the Fifth Circuit.[98]  In *Brown v. Pouncy*,[99] the Fifth Circuit held that Louisiana's residual one-year prescriptive period for

---

[90] *Id.* at 279-80.
[91] *Owens v. Okure*, 488 U.S. 235, 236 (1989).
[92] *Id.*
[93] *Id.* at 249-50.
[94] *Id.* at 243.
[95] *Id.* at 239-40.
[96] *Id.* at 240.
[97] *Id.* at 250.
[98] *See Brown v. Pouncy*, 93 F.4th 331 (5th Cir. 2024); *Monroe v. Conner*, 2024 WL 939735, at *1-2 (5th Cir. 2024).
[99] 93 F.4th 331 (5th Cir. 2024).

personal injury claims, rather than its two-year prescriptive period for injuries resulting from crime of violence, applied.[100] In its reasoning, the court addressed Brown's contention that Louisiana's one-year prescriptive period "practically frustrates the ability to bring claims in contravention of the federal interests underlying Section 1983," and is particularly harmful to victims of violence who experience trauma.[101] There, the Fifth Circuit relied on the Supreme Court's holding in *Owens* that a forum state's general or residual statute of limitations for personal injury claims applies to §1983 claims.[102]

The Fifth Circuit made clear that "Supreme Court precedent, and [their] cases applying that precedent, [ ] foreclose[d] Brown's position."[103] The court held that its precedent "consistently applied shorter, general limitations periods instead of longer ones governing analogous state law claims," and has "repeatedly applied Louisiana's one-year prescriptive period" to claims brought under §1983.[104] The court explicitly stated that "[o]nly the Supreme Court, having already solved the problem of uncertainty in the absence of a federal limitations period for Section 1983 claims, can clarify how lower courts should evaluate practical frustration without undermining that solution."[105]

Similarly, in *Jackson v. Ware Youth Center*,[106] a sixteen-year-old incarcerated minor allegedly was abused by a Ware Youth Center employee. He did not file his §1983 lawsuit against the Center and the involved employees until three years after the incident.[107] The Fifth Circuit affirmed the district court's holding that under Supreme Court

---

[100] *Id.*
[101] *Id.* at 336.
[102] *Id.* at 334.
[103] *Id.* at 338.
[104] *Id.* at 336, 337.
[105] *Id.* at 338.
[106] No. 23-30348, 2024 WL 669313, at *1 (5th Cir. Feb. 19, 2024) (per curiam).
[107] *Id.*

precedent, the claims had prescribed.[108]  The plaintiff argued that the district court erred

in applying the general prescriptive period for personal injury actions under La. Civ. Code

art. 3492.[109] He argued the three-year prescriptive period under La. Civ. Code art. 3496.1,

which applies to actions against a person for abuse of a minor, applied.[110]  Article 3496.1

provides that "[a]n action against a person for abuse of a minor is subject to a liberative

prescription period of three years . . . [that] commences to run from the day the minor

attains majority."[111]  The Fifth Circuit rejected the plaintiff's argument and held that for

§1983 claims, "*Owens* instructs us to apply the one-year general statute of limitations for

personal injury actions. This principle mitigates confusion, as states often have several

statutes of limitations for personal injury actions, but only one general or residual statute

of limitations for personal injury actions."[112] The Fifth Circuit held that the plaintiff's §1983

claim had prescribed.[113]

    In *King-White v. Humble Indep. Sch. Dist.*,[114] the Fifth Circuit again held that

*Owens* instructs courts to apply the "general or residual" personal injury statute of

limitations to §1983 claims. There, plaintiffs filed suit against the school district and other

defendants under Title IX and §1983 for the sexual abuse of a minor student by a

schoolteacher.[115]  The Texas two-year residual personal injury statute of limitation had

an incorporated five-year exception for child sexual assault claims.[116]  That statute was

---

[108] *Id.*
[109] *Id.*
[110] *Id.*
[111] *Id.* (quoting La. Civ. Code art. 3496.1).
[112] *Id.* (citing *Owens*, 488 U.S. at 245-48).
[113] *Id.*
[114] 803 F.3d 754, 758 (5th Cir. 2015) (applying Texas's "general or residual" personal injury statute of limitations of two-years).
[115] *King-White*, 803 F.3d at 757.
[116] *Id.* at 758 (citing Tex. Civ. Prac. & Rem. Code §§16.003, 16.0045).

amended to extend the limitations period from five to fifteen years for claims involving sexual assault or abuse of a child.[117] The plaintiff sought to apply on appeal the longer limitations period under that statute to their Title IX and §1983 claims.[118]

There, the Fifth Circuit rejected the plaintiffs' extensive briefing on statutory interpretation and legislative intent for the assertions that Texas's specific limitations period for sexual assault claims should apply over the general two-year period.[119] The court held that *Wilson* and *Owens* foreclose such arguments, and that the plaintiffs were asking the court to employ precisely the practice that the Supreme Court rejected in *Wilson* and *Owens.*[120]  The Court observed that *Owens* "recognized that 'each State would have no more than one' residual or general limitations period, and it concluded that this single, 'easily identifiable' period should govern all §1983 claims regardless of their factual underpinnings."[121]

Moreover, and most notably, the Fifth Circuit observed that statutory interpretation and the intent of the state legislature do not affect the court's selection of a state limitations for §1983 claims, and the analysis of state statutory interpretation and state legislative intent is therefore irrelevant.[122] Thus, the court held that, pursuant to *Owens*, Texas's "general or residual" personal injury statute of limitations was to be applied to the plaintiffs' §1983 claims regardless of whether the facts underlying the particular claim made an exception potentially applicable.[123] The Fifth Circuit affirmed that the claims were barred by the relevant statute of limitations. In accordance with *Owens* and long-standing

---

[117] *Id*. at n.4.
[118] *Id*. at 759.
[119] *Id*. at 761-62.
[120] *Id*. at 761.
[121] *Id*. at 760 (citing *Owens*, 488 U.S. at 247-48).
[122] *Id*. at 761 *(citing Stanley, 433 F.3d at 1135).*
[123] *Id*.

precedent, this Court has applied the Louisiana one-year prescriptive period for personal injury actions to §1983 claims, rather than the three-year period applicable to sexual assaults.[124]

As acknowledged by Doe,[125] reliance on La. R.S. 9:2800.9 is counter to binding Supreme Court and Fifth Circuit precedent. Doe fails to address *any* relevant Fifth Circuit precedent on this very issue, as raised by Webre.[126] The Fifth Circuit has continually applied *Owens*, and has repeatedly foreclosed positions such as Doe's in seeking an exception to precedent based on the practical frustrations specific to certain victims of civil rights violations to litigate §1983 claims.[127] Thus, while it is sympathetic to Doe's situation and the practicalities of such claims, the Court finds that, absent tolling, Doe's §1983 claims are governed by Louisiana's one-year prescriptive period.[128]  Even so, accrual of Doe's §1983 claims is not clear on the face of the Complaint as Doe's allegations invoke a tolling exception as to when Doe became aware of the potential claim.[129]

**E.    Accrual of Doe's §1983 claims cannot be determined on the face of the Complaint.**

Having determined the narrower issue of whether the one-year prescriptive period applies, the Court turns to the broader question which is the time at which Doe's cause of action accrued for purposes of the prescriptive period.  "When a federal cause of action borrows a state statute of limitations, 'coordinate tolling rules' are usually borrowed as

---

[124] *See Owens v. Louisiana State Univ.*, No. CV 21-242-WBV-SDJ, 2023 WL 2116060, at *5 (M.D. La. Feb. 17, 2023).
[125] Rec. Doc. 19 at p. 14.
[126] *Id.*
[127] *Brown*, 93 F.4th at 336.
[128] *See Owens*, 488 U.S. at 250; *Brown*, 93 F.4th at 338; *King-White*, 803 F.3d at 761.
[129] Rec. Doc. 1 at ¶11.

well."[130] The Fifth Circuit recognizes that "state equitable tolling principles control in §1983 cases," including "tolling based on fraudulent concealment and the 'discovery rule.'"[131] "Although Louisiana law governs the limitations period and the tolling exceptions, federal law governs when a cause of action accrues."[132]

"A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like."[133] "Absent tolling, the limitations period runs from the moment a plaintiff's claim 'accrues,' and while we borrow the limitations period from state law, 'the particular accrual date of a federal cause of action is a matter of federal law.'"[134] The Fifth Circuit has held that, under federal law, a claim accrues when a plaintiff knows or has reason to know of the injury giving rise to the claim – that is, "the limitations period begins to run the moment the plaintiff becomes aware that [s]he has suffered an injury or has sufficient information to know that [s]he has been injured."[135] "A plaintiff's awareness encompasses two elements:  (1) the existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions."[136] The plaintiff bears the burden of showing that a case presents a rare and exceptional circumstance to which equitable tolling applies.[137]

Since the Louisiana statute of limitations applies to Plaintiffs' § 1983 claims,

---

[130] *King-White*, 803 F.3d at 764 (citations omitted).
[131] *Id.*
[132] *Harris v. Doe*, 2020 WL 496521, at *5 (M.D. La. Jan. 14, 2020) (citing *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989)); *see also Taylor v. LaSalle Mgmt. Co.*, 2018 WL 3852656, at *2 (W.D. La. Jun. 11, 2018) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)).
[133] *King-White*, 803 F.3d at 758 (quoting *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003)).
[134] *Id.* at 762 (quoting *Frame v. City of Arlington*, 657 F.3d 215, 238 (5th Cir. 2011)).
[135] *Id.*
[136] *Id.* (citations and internal quotation marks omitted).
[137] *Rotella v. Pederson*, 144 F.3d 892, 894-95 (5th Cir. 1998).

Louisiana equitable tolling principles apply.[138] Louisiana law allows for the suspension of prescription under the doctrine of *contra non valentem*.[139] The Louisiana Supreme Court has recognized four factual situations in which the doctrine of *contra non valentem* applies to suspend the prescriptive period, the most pertinent to this case being when "the cause of action is neither known nor reasonably knowable by the plaintiff even though plaintiff's ignorance is not induced by the defendant."[140] "However, the doctrine of *contra non valentem* only applies in 'exceptional circumstances.'"[141] Sometimes referred to as the "discovery rule,"[142] the Louisiana Supreme Court has further clarified that, "[t]his principle will not exempt the plaintiff's claim from the running of prescription if his ignorance is attributable to his own willfulness or neglect; that is, a plaintiff will be deemed to know what he could by reasonable diligence have learned."[143] Determinations as to whether *contra non valentem* applies to suspend prescription generally proceed on an individual, case-by-case basis.[144]

*Contra non valentem* provides that a statute of limitations or prescriptive period does not begin to run, inter alia, "where the cause of action is not known or reasonably

---

[138] *Green v. Doe*, 260 Fed.Appx. 717, 720 (5th Cir. 2007) (citing *Rotella*, 144 F.3d at 897).

[139] *Broussard v. Brown*, 599 Fed.Appx. 188 (5th Cir. 2015) (citing *Corsey v. Louisiana*, 375 So.2d 1319, 1321-22 (La. 1979)). "*Contra non valentum*, a jurisprudentially-created exception to prescription, adopted to 'soften the occasional harshness of prescriptive statutes,' generally 'means that prescription does not run against a person who could not bring his suit.'" *T.S v. Congregation of Holy Cross S. Province, Inc.*, 2022-01826 (La. 6/27/23), 366 So. 3d 64, 70, *reh'g denied*, 2022-01826 (La. 9/8/23), 370 So. 3d 457 (quoting *Carter v. Haygood*, 04-0646, p. 11 (La. 1/19/05), 892 So. 2d 1261, 1268).

[140] *Renfroe v. State ex rel. Dept. of Transp. and Development*, 2001-1646 (La. 2/26/02), 809 So2d 947, 953 (citing *Plaquemines Parish Comm. Council v. Delta Dev. Co.*, 502 So.2d 1034 (La. 1987)); *see also Carter*, 892 So. 2d at 1268.

[141] *Renfroe*, 809 So.2d at 953 (*quoting* La. Civ. Code art. 3467, Official Revision Comment (d); *State ex rel. Div. of Admin. v. McInnis Brothers Construction, Inc.*, 97-0742 (La. 10/21/97), 701 So.2d 937, 940). *See, Ellis v. Evonik Corp.*, Civ. A. No. 21-1089, 2022 WL 1719196, at *3 (E.D. La. May 27, 2022) (Vance, J.) (same).

[142] *Ellis*, Civ. A. No. 21-1089, 2022 WL 1719196, at *3.

[143] *Renfroe*, 809 So.2d at 953-54 (quoting *Corsey v. State of Louisiana, Through the Department of Corrections*, 375 So.2d 1319, 1322 (La. 1979)).

[144] *See State v. All Prop. & Cas. Ins. Carriers Authorized & Licensed To Do Bus. In State*, 06-2030, p. 19 (La. 8/25/06), 937 So.2d 313, 327 n. 13)

knowable by the plaintiff," even though the ignorance is not induced by the defendant.[145] The exception enables "courts to weigh the equitable nature of the circumstances in each individual case to determine whether prescription will be tolled."[146] Prescription should be suspended when a plaintiff is "effectually prevented from enforcing his rights for reasons external to his own will."[147] This Court has denied similar Rule 12(b) motions to dismiss where *contra non valentum* is at issue.[148]

Here, Doe's §1983 claims would not accrue until she "knew or should have known that [she] 'has a complete and present cause of action' under 'analogous common-law torts.'"[149]  Given the allegations in the Complaint, and construed liberally in Doe's favor, the Court cannot discern when exactly Doe made the discovery as to the repressed memories of the alleged sexual abuse by Lightfoot.  Doe alleges repressed memories of the alleged sexual abuse until watching a television show many years later, triggering the memories.[150]  The Court observes that the Complaint does not expressly allege the date when Doe recalled the repressed memories of the alleged sexual abuse when watching the television show regarding law enforcement.  However, Doe does clearly allege facts that could support a tolling of the limitations period. The Fifth Circuit acknowledges that, in cases such as the sexual abuse of a child, a fact issue might permit the tolling of the

---

[145] *Carter v. Haygood*, 2004-0646, p.11 (La. 1/19/05); 892 So. 2d 1261, 1268.

[146] *Id.* at 1268-69 (internal quotation marks omitted).

[147] *Wimberly v. Gatch*, 93-2361, p. 8 (La. 4/11/94), 635 So. 2d 206, 211; *see also Bartucci*, 246 Fed. Appx. at 257 ("Louisiana courts have used the doctrine of *contra non valentum* to suspend the running of prescription when the cause of action is not known or reasonably known by the plaintiff, even though [her] ignorance is not induced by the defendant."). "The reason behind the rule is the equitable principle that prescription should be suspended when a plaintiff is effectively prevented from enforcing his rights for reasons external to his own will." *Id.* (citing *Doe v. Archdiocese of New Orleans,* 823 So.2d 360, 366 (La.Ct.App.2002)).

[148] *See Chenevert v. Redemptorist/Denver Province*, 2010 WL 1609971, at *3-4 (M.D. La. 2010) (holding that plaintiffs' assertion that repressed memories prevented him from becoming aware of his cause of action for abuse raised the issue of *contra non valentum* and defeated defendant's 12(b)(6) motion).

[149] *Id.* (quoting *McDonough*, 588 U.S. at 115-16) (cleaned up)).

[150] Rec. Doc. 1 at ¶11.

prescriptive period based on repressed memories.[151] Additionally, in applying the forum state's statute of limitations, a federal court is required to give effect to any applicable tolling provisions.[152] Although Webre may ultimately be correct, and Doe does not necessarily explain how the repressed memories apply to prevent prescription, it is not clear from the face of the Complaint that this claim has prescribed as accrual is not clear on its face.

Further, Webre's assertion that Doe should have known in August of 2014 sufficient facts to raise her claims is an inference that cannot be drawn in Webre's favor. Weighing Webre's assertion would require the Court to look beyond the pleadings to make a factual determination which is inappropriate on a motion to dismiss.[153] The Court only considers well-pleaded factual allegations in the complaint and draws all reasonable inferences from the facts raised in Doe's favor.[154] Doe's allegation of repressed memories is central to the issue tolling of prescription of her federal claims, which may require additional specific facts or expert testimony to be weighed by a trier of fact. Neither party briefed jurisprudence relating to Doe's allegation of repressed memories and the determination of tolling as to her claims. Therefore, the Court does not decide here whether *contra non valentum* or equitable tolling applies to Doe's claims to prevent prescription or whether those claims could be dismissed at a later stage of the

---

[151] *Bartucci v. Jackson*, 246 F. App'x 254, 258 (5th Cir. 2007) (citing *Doe v. Archdiocese of New Orleans,* 823 So.2d 360, 366–67 (La.Ct.App.2002)).

[152] *See Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993).

[153] *Cat and Dogma, LLC v. Target Corp.*, 2021 WL 4726593, at *2 (5th Cir. 2021) (citing Cinel v. Connick, 15 F.3d 1338, 1341 (5th Cir. 1994)).

[154] *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 679 (2009). *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.").

proceedings.[155]

Accepting the allegations in the Complaint liberally in favor of Doe, it is not apparent from the face of the Complaint when the prescriptive period accrued, i.e. the date when Doe knew of the injury that formed the basis of the action, and whether the §1983 claims are time-barred. Thus, Webre's Motion to Dismiss[156] seeking dismissal as to Doe's §1983 claims as prescribed is denied without prejudice to re-asserting at a later proceeding, after a fair opportunity for discovery.

### F.    State Law Claims

Webre also seeks dismissal of Doe's state law claims under the same assertions of prescription of one-year.[157] For supplemental jurisdiction, federal courts apply Louisiana prescription laws, as "state statutes of limitations are considered substantive for purposes of *Erie* analysis."[158] As to Doe's state law claims, Louisiana has permanently removed the civil statute of limitations for child sexual abuse, and provided a temporary lookback window to revive older claims that were previously time-barred.[159] Doe filed her claim on June 14, 2024,[160] the last date of the three-year "lookback window" under La. R.S. 9:2800.9 for reviving prescribed claims.[161]

---

[155] Where it is not clear from the face of the operative pleading that a suit is time-barred, a district court errs at this stage in dismissing a complaint under the statute of limitations. *See Comer v. Roth*, 2022 WL 73045, at *1 (5th Cir. 2022) (per curiam) (citing *Gartrell*, 981 F.2d at 257-58); *see also Davis v. Young*, 624 Fed. Appx. 203, 208 (5th Cir. 2015) (as to state law claims). The Fifth Circuit has instructed that, in such case, a plaintiff be given an opportunity to develop facts regarding the timeliness of her claims. *Comer*, 2022 WL 73045, at *1. (citing *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994)).
[156] Rec. Doc. 16.
[157] *Id.* at 7.
[158] *Franco*, 3 F.4th at 791 n.3.
[159] *See* La. R.S. 9:2800.9.
[160] Rec. Doc. 1.
[161] *Id.*

The Louisiana legislature extended the "lookback window," effective June 3, 2024, to revive those causes of action until June 14, 2027.[162]  The Louisiana Supreme Court determined that the recent amendments to La. R.S. 9:2800.9 are "constitutional and appl[y] retroactively to revive, for the period stated, all causes of action related to sexual abuse of a minor that previously prescribed under any Louisiana prescriptive period."[163] Under La. R.S. 9:2800.9, for state law claims such as Doe's, a plaintiff must file their action by June 14, 2027.

Thus, on the face of the Complaint, construing the allegations in a light most favorable to Doe, her pendent state law claims appear timely. For the same reasons discussed thoroughly herein, and because Doe's state law claims appear timely under La. R.S. 9:2800.9's "lookback window," the Court denies without prejudice Webre's motion to dismiss[164] Doe's state law claims.[165]

Webre also seeks dismissal of Doe's pendent state law claims on the merits.[166] He dedicates less than a page of argument and reference to documents not referenced in the Complaint. In support, Webre submits an employment document for Lightfoot with his date of employment.[167]  However, on a motion to dismiss, the court may consider "the complaint, its proper attachments, 'documents incorporated into the complaint by

---

[162] 2024 La. Acts 481 (S.B. 246), §2.
[163] *Bienvenu*, 386 So. 3d at 293. The Louisiana Supreme Court rendered the decision on rehearing shortly after the legislature extended the revival window another three years to June 14, 2027. *See* 2024 La. Acts 481 (S.B. 246), §2.
[164] Rec. Doc. 16.
[165] *See Davis*, 624 Fed. Appx. at 208 (finding a district court erred in concluding the plaintiff's state law claims were prescribed where accrual of prescription and application of the statute of limitations was not clear from the face of the complaint).
[166] Rec. Doc. 16 at pp. 9-10.
[167] Rec. Doc. 16-1 at p. 2.

reference, and matters of which a court may take judicial notice.'"[168] The Court will not consider or rely on the employment record of Lightfoot, as it is not referenced in Doe's Complaint. Moreover, adjudication of facts is improper on a motion to dismiss.[169]  Thus, Webre's motion is also denied to the extent Webre seeks dismissal of Doe's pendent state law claims for failure to state a claim for relief.

Further, Webre contends that should the Court determine that the federal claims be dismissed, that it decline supplemental jurisdiction and dismiss Doe's state law claims without prejudice.[170] A district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims would substantially predominate over the claims over which the Court has original jurisdiction, if the Court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[171] "While the Court has wide discretion in determining whether to exercise supplemental jurisdiction, the 'general rule' is to decline to exercise such jurisdiction when all federal claims have been eliminated prior to trial."[172] Here, because Doe's federal claims survive on the present motion, the Court retains supplemental jurisdiction over Doe's state law claims.

---

[168] *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross and Blue Shield of Georgia, Inc.*, No. 14-11300, 892 F.3d 719, 2018 WL 2943339, at *3 (5th Cir. June 12, 2018) (citing *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (quoting *Dorsey*, 540 F.3d at 338) (citations and internal quotation marks omitted)).
[169] *Cat and Dogma, LLC*, 2021 WL 4726593, at *2 (citing *Cinel*, 15 F.3d at 1341.
[170] Rec. Doc. 16 at p. 8.
[171] 28 U.S.C. § 1367.
[172] *Gopalam v. Smith*, No. 12-542, 2014 WL 518199, *9 (M.D. La. Feb. 6, 2014) (quoting *Smith v. Amedisys Inc.*, 298 F.3d 434, 446-47 (5th Cir. 2002)).

III.     CONCLUSION

Accordingly,

**IT IS ORDERED** Doe's Motion to Strike[173] is granted, and Webre's Reply Memorandum[174] is stricken from the record under Local Rule 7(f) as untimely.

**IT IS FURTHER ORDERED** that Webre's Motion to Dismiss[175] is denied without prejudice to re-asserting prescription at a later proceeding.

**IT IS FURTHER ORDERED** that Doe is granted leave to amend to state additional facts regarding accrual within thirty (30) days of this Ruling.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana, on this  21st  day of July, 2025.

_Shelly D. Dick_

**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[173] Rec. Doc. 23.
[174] Rec. Doc. 22.
[175] Rec. Doc. 16.